# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| BENNIE OLIVER | * |
| Plaintiff | * |
| v. | * Civil Case No. 10-1380-RWT |
| WASHINGTON METROPOLITAN AREA TRANSIT AUTHORITY, et al., | * |
| Defendants. | * |

## MEMORANDUM OPINION

On February 3, 2011, Plaintiff Bennie Oliver ("Oliver") moved for leave to file a Second Amended Complaint in this automobile collision case. ECF No. 29. Oliver seeks to amend his First Amended Complaint primarily to add a claim for gross negligence. *Id.* Defendant Metropolitan Transit Police Officer Christopher Fulda ("Fulda"), the sole remaining defendant, opposes Oliver's motion. ECF No. 32.

Rule 15(a) of the Federal Rules of Civil Procedure provides that, more than 21 days after a responsive pleading or a motion to dismiss is served, "[a] party may amend its pleading only with the opposing party's written consent or the court's leave." Leave to amend a complaint under F. R. Civ. P. 15(a) "should be freely given . . . unless the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile." *Steinburg v. Chesterfield County Planning Comm'n*, 527 F.3d 377, 390 (4th Cir. 2008). Futile amendments are those that cannot survive a motion to dismiss. *See Perkins v. United States*, 55 F.3d 910, 917 (4th Cir. 1995); *Frank M. McDermott, Ltd. v. Moretz*, 898 F.2d 418, 420-21 (4th Cir. 1990); *Classen Immunotherapies, Inc. v. King Pharms., Inc.*, 403 F. Supp. 2d 451, 459 (D. Md. 2005).

Fulda argues that Oliver's amendment to add a claim for gross negligence would be futile because "gross negligence is the 'wanton or reckless disregard for human life'" and his conduct "did not amount to a wanton or reckless disregard for human life." Fulda's Opp'n, ECF No. 32 at 7-8. In support of this claim, Fulda attaches photographs of the location of the accident and the automobiles involved in the accident. *Id.*, Ex. 3.

Whether a driver's conduct was grossly negligent is an issue of fact for the trier of fact to resolve. *Artis v. Cyphers*, 100 Md. App. 633, 652 (Md. App. 1994) ("Ordinarily, unless the facts are so clear as to permit a conclusion as a matter of law, it is for the trier of fact to determine whether a defendant's negligent conduct amounts to gross negligence.") The Court certainly cannot determine at this juncture whether Fulda's actions were grossly negligent by merely reviewing photographs of the location of the accident and the automobiles involved. Accordingly, Oliver's proposed amendment to add a claim for gross negligence is not futile. Fulda does not claim that Oliver's proposed amendments are prejudicial or that the motion for leave to amend is brought in bad faith. Accordingly, leave to amend shall be granted. A separate order follows.

April 1, 2011  /s/
Date  Roger W. Titus
 United States District Judge